UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN FEDDERSEN, | ) | CASE NO.  5:22-cv-01089 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| COMMISSIONER OF | ) | **OPINION AND ORDER OF REMAND** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff Kevin Feddersen's objections (Doc. No. 11) to the

Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 10), which recommends

affirmance of the decision that Plaintiff is not disabled.  For the reasons stated herein, Plaintiff's

first objection is SUSTAINED, the Commissioner of Social Security's (the "Commissioner")

decision is VACATED, and the matter is REMANDED to the Commissioner with the

instructions set forth below.

## I.    Background

When Plaintiff was seven years old, the Commissioner determined that he was disabled

and entitled to disability benefits.  (Doc. No. 10 at 757.)[1]  Pursuant to 20 C.F.R. § 416.987, the

Commissioner reevaluated Plaintiff's status as he approached the age of maturity.  (*Id.*)  The

Commissioner determined that Plaintiff was no longer disabled as of August 1, 2017, the date of

Plaintiff's eighteenth birthday.  (*Id.*; *see also* Doc. No. 7 at 44.)  Plaintiff requested a hearing on

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

1

this decision before an Administrative Law Judge ("ALJ"). (Doc. No. 10 at 758.) After holding a hearing, the ALJ issued a written decision finding that Plaintiff was not disabled. (*Id.*) The Social Security Appeals Council declined further review, rendering the ALJ's decision final. (*Id.*) Plaintiff filed this action on June 21, 2022, seeking review of the ALJ's decision. (Doc. No. 1.)

## II.    <u>Standard of Review</u>

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the ALJ properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994).

If substantial evidence supports the ALJ's findings of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986). Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, this Court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an

accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion.)

### III.    <u>Analysis</u>

Plaintiff's first objection centers on the determination that Plaintiff engaged in or threatened to engage in violence on only one occasion.  (Doc. No. 11 at 796-97.)  The incident recognized by the ALJ consisted of the Plaintiff telling his counselor that he thought his case manager was a "bitch" and that if he "had a gun, [he] would put an entire clip in her head." (Doc. No. 7 at 573.)

In two separate places in the ALJ's opinion, the ALJ indicated that this behavior was not common for Plaintiff.  In the first instance, when determining whether Plaintiff had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ noted:

> In interacting with others, [Plaintiff] has a moderate limitation.  The record does reasonably indicate [that Plaintiff] has problems controlling his anger, evidenced by at least one threatening comment regarding another (8F4, 9F50).  That said, the [Plaintiff] generally has been cooperative and polite at a majority of the medical appointments documented in the record, suggesting no truly marked complications in this domain.

(Doc. No. 7 at 48.)  According to the opinion, had the ALJ determined that Plaintiff had an extreme limitation interacting with others – rather than a moderate limitation – Plaintiff would have been found to be disabled, provided he also met the durational requirement.  (*Id.* at 46.)  *See also Rabbers*, 582 F.3d at 653 (examining the "B criteria," which the ALJ used to determine that

Plaintiff did not have a severe enough impairment (or combination of impairments) to qualify as disabled).

The second instance is in the opinion's residual capacity functioning analysis.  When examining Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms, the ALJ stated:

> [Plaintiff] has received regular treatment and counseling for psychological symptoms that include depression, anger management, and suicidal and homicidal thoughts (see generally 5F, 9F).  The counseling records do indicate the [Plaintiff] has some significant issues controlling his anger at times (8F4).  On one occasion, the [Plaintiff] did voice a threat of physical violence towards another that his counselor deemed necessary to report, which in turn only further irritated the [Plaintiff].  However, this is an isolated incident when considering the entirety of the record.

(Doc. No. 7 at 49-50.)

The Magistrate Judge stated in the R&R that the ALJ correctly concluded that Plaintiff's one threat of violence was "isolated" because it was "the only evidence in the record documenting that [Plaintiff] threatened to harm someone who was not a close family member." (Doc. No. 10 at 786.)

A *de novo* review of the record does not support the ALJ's finding that Plaintiff's threatening comment was an "isolated" incident.  The following is a non-exhaustive of other instances of Plaintiff acting violently or threatening to act violently:

- In June 2016, Plaintiff admitted that he grabbed the steering wheel of his mother's car while she was driving, causing the vehicle to swerve off the road (Doc. No. 7 at 385);

- In July 2016, Plaintiff's mother called the police after he threatened to kill her when she intervened in a dispute between Plaintiff and his girlfriend (*id.* at 492);

- In August 2016, Plaintiff admitted he was unhappy with his girlfriend and pushed her (*id.* at 485);

- In November 2016, Plaintiff was arrested for domestic violence (*id.* at 456);

4

- In February 2017, Plaintiff threatened to tase his mother (*id.* at 453);

- In December 2017, Plaintiff spent five days in jail for fighting with his girlfriend (*id.* at 661);

- In late August 2018, Plaintiff's mother reported that Plaintiff had homicidal ideations (*id.* at 607); and

- In mid to late 2018, Plaintiff spent fourteen nights in jail for assaulting his sister and girlfriend (*id.* at 605).

The record contains several instances of violent or threatening behaviors.[2]

Based on this Court's review of this record evidence, and having compared this record evidence to the ALJ's statements that such conduct was "isolated," the Court simply cannot conclude, as it must, that the ALJ built "an accurate and logical bridge between the evidence and the result" of his opinion. *Sarchet*, 78 F.3d at 307.  The opinion must therefore be vacated and remanded for further consideration.

An ALJ "may not ignore [or fail to resolve] evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011).  This obligation is especially pertinent when the ALJ – like the ALJ did here – makes findings on an individual's residual functional capacity.  *See id.*; *see also Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x 140, 148 (3d Cir. 2010) ("The ALJ has an obligation to consider all evidence before him when he makes a residual functional capacity determination and must also mention or refute contradictory, objective medical evidence presented to him." (cleaned up)).  Put simply, the opinion before this Court does not indicate if or

---

[2] In its merits brief, the Commissioner suggests that incidents occurring before Plaintiff turned eighteen on August 1, 2017, are not "directly relevant" to the ALJ's analysis.  (Doc. No. 9 at 752.)  The Commissioner cites no legal authority for this statement.  But even if this statement were legally supported, Plaintiff was sent to jail on two occasions after he turned eighteen for violent acts.  (Doc. No. 7 at 605, 661.)  The Commissioner's argument is not well-taken.

how the ALJ either considered or resolved substantial evidence of violent or threatening conduct. *Marok v. Astrue*, No. 5:08-cv-1832, 2010 WL 2294056, at *9 (N.D. Ohio June 3, 2010) (vacating and remanding a decision where the ALJ failed to articulate that he considered evidence that was relevant to the plaintiff's non-disability determination).

The R&R described the ALJ's characterization of Plaintiff's threat to the case manager as "isolated" because any similar conduct involved Plaintiff's close family members.  (Doc. No. 10 at 786.)  This distinction may be accurate.  But the ALJ did not state that he was only considering violent or threatening behaviors directed at non-family members.  Or why that would be so.  It is not this Court's job to rewrite the ALJ's opinion or provide *post hoc* rationalization. *Marok*, 2010 WL 2294056, at *8.  There must still be an explanation for why Plaintiff's violent and threatening behaviors towards his mom, sister, and girlfriend are irrelevant to his disability status.

The ALJ's opinion is VACATED and REMANDED to the Commissioner to (a) consider all record evidence of Plaintiff's violent or threatening behavior and (b) explain with sufficient clarity the application of these facts to the disability analysis.  Given that Plaintiff has already shown that remand is appropriate, the Court declines to consider his other objections to the R&R at this time.  This case is remanded to the Commissioner to conduct further administrative proceedings consistent with this opinion and all other relevant, binding laws and precedents.

**IT IS SO ORDERED.**

Date: September 22, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE